*In re* U.O., a Minor, Respondent-Appellee (The People of the State of Illinois, Petitioner-Appellee, v. Donna J., Respondent-Appellant (D. Jean Ortega-Piron, Department of Children and Family Services Guardian Administrator, Appellant)).

First District (3rd Division)   Nos. 1—07—1302, 1—07—1430 cons.

Opinion filed December 19, 2007.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Sharon A. Purcell, Assistant Attorney General, of counsel), for appellant D. Jean Ortega-Piron.

Edwin A. Burnette, Public Defender, of Chicago (Suzanne A. Isaacson, Assistant Public Defender, of counsel), for appellant Donna J.

Richard A. Devine, State's Attorney, of Chicago (James E. Fitzgerald, Mary P. Needham, and Bobbie N. Sengupta, Assistant State's Attorneys, of counsel), for the People.

Robert F. Harris, Public Guardian, of Chicago (Kass A. Plain and Gwendolyn M. Duffield, of counsel), guardian *ad litem*.

JUSTICE CUNNINGHAM delivered the opinion of the court:

Respondent-appellant Donna J. (Donna) appeals from an order of the circuit court of Cook County denying her request for the transfer to her of custody of her minor son, respondent-appellee U.O. (the minor). The Guardianship Administrator for the Illinois Department of Children and Family Services (DCFS), Dr. Jean Ortega-Piron, represented by the Illinois Attorney General, appeals from that portion of the trial court's order which held that the minor, who was 16 at the time of this ruling, should be transferred to the custody of DCFS. That agency asserts that under Illinois law a minor who has previously been adjudicated delinquent and who is over 12 years of age may not be transferred to DCFS custody. Donna, represented by the Cook County public defender, contends that the trial court's order finding her unable to care for the minor is contrary to the manifest weight of the evidence. The State, as petitioner-appellee, represented by the State's Attorney of Cook County, contends that the circuit court did not err in either ruling. The Cook County public guardian, on behalf of the minor, agrees with the State. We affirm the court's findings concerning Donna's unfitness, but reverse that portion of the

order transferring the minor to the custody of DCFS and remand for further proceedings.

## BACKGROUND

The facts of this case are largely undisputed. The minor was born on December 29, 1989. When the minor was only eight years old and living with both of his parents, the State filed a petition for adjudication of wardship which alleged, as amended, that the minor was neglected due to an injurious environment, was abused because of the substantial risk that he would sustain physical injury, and had actually been the victim of physical abuse and excessive corporal punishment. It was also alleged that the minor's siblings were found to have numerous welts and bruises as the result of what medical authorities determined to be chronic child abuse. Donna admitted hitting her children with a belt. After an evidentiary hearing, the court found that the minor was abused and neglected on the grounds of injurious environment, physical abuse, and the substantial risk that he would sustain physical injury. Both of his parents were found to be unable to care for, protect, train or discipline the minor, and he was placed in the custody and guardianship of the DCFS Guardianship Administrator. Donna was to be granted visits at the discretion of DCFS. Donna did not challenge those findings.

Although in 2000 and 2001, the court entertained a goal of the minor returning home permanently, by March 2002, that goal was changed to finding a private guardian. At the age of 15, based on three separate instances in 2004, and while still under DCFS guardianship, the minor was charged with trespassing, felony auto theft, and armed robbery. He was first placed in a residential treatment program but he repeatedly ran away from that facility. The minor subsequently ran away from his placement at the Columbus Maryville Academy in Chicago and began to live with Donna. On October 12, 2005, he was charged with possession of heroin and placed in the custody of the juvenile detention center. The record establishes that by February 10, 2006, he had run away from that facility. He was subsequently adjudicated delinquent and was placed at the Illinois Youth Center in St. Charles. His anticipated release date was August 2006, but he would remain on parole after that release.

In February 2006, the current proceedings were instituted when Donna sought to obtain custody of the minor. On the court's order, the minor was evaluated by Dr. Ascher Levy, a psychologist with the Cook County juvenile court clinic. After viewing the interactions between Donna and the minor, extensive investigation of court, hospital and school records and interviews with the minor, an older sister of the

minor, Donna, Donna's mother, and the minor's parole officer, Dr. Levy prepared a report which was submitted to the court on July 11, 2006. Dr. Levy found that neither a goal of independence for the minor nor one of return home to his mother had a strong chance of success. Nonetheless he concluded that the best opportunity for the minor would be to attempt to return him to Donna's home. However, the doctor specified that the minor would also need individual and group therapy, a psychiatric consult and counseling as well as a determination of whether medication was required to control his behavior. Donna renewed her request that the minor be returned to her custody after his parole from the Illinois Youth Center, where he was incarcerated.

At a hearing on August 23, 2006, DCFS informed the court that the minor would be provided a therapist whom he was to contact to obtain individual and family therapy. DCFS had also obtained the agreement of Westside Alternative High School to accept the minor for a program suited to his needs. DCFS also represented that it would assist in locating and funding outpatient substance abuse treatment for the minor. Based upon all of these considerations, and Dr. Levy's recommendation, the trial court issued a modified dispositional order finding Donna fit, able and willing to care for the minor. On that occasion, unlike in prior orders, guardianship was not awarded to DCFS's Guardianship Administrator, with the right to place the minor. Rather, the court ordered that the minor be returned to the care and custody of Donna under an order of protective supervision pursuant to section 2—24 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/2—24 (West 2006)). This order was conditioned upon Donna ensuring that the minor attended school daily and participated in family and individual counseling as well as a psychiatric consultation and outpatient substance abuse treatment. The minor was 16 years old at that time.

By December 2006, the court was informed that the minor had failed to attend school regularly, was not cooperating with therapy, and had not undergone a psychiatric evaluation. He had also been charged with an unspecified misdemeanor, which could result in his return to the St. Charles facility. A hearing was held on December 2, 2006, at which time the court admonished the minor about his lack of cooperation and informed him that if this behavior continued the order of protection would be vacated and the minor would be placed in another structured environment. The court then extended the order of protection, leaving the minor in the control and custody of Donna until March 29, 2007. At the hearing on that latter date, the court was informed that the minor had been arrested in December 2006, for possession of a controlled substance. He had been placed in the St. Charles

facility in February 2007, but then was transferred to a Joliet youth facility, from which he was scheduled to be released on May 22, 2007.

Following a subsequent April 27, 2007, hearing, the court found that Donna had herself violated the order of protection by failing to ensure that the minor attended school, counseling sessions, and the psychiatric consult. Finding Donna unable to care for, protect and train the minor, the court vacated its order of protection and, over the objections of DCFS and Donna, again appointed the DCFS Guardianship Administrator as the minor's guardian. This order was entered despite arguments by the Cook County public defender (on Donna's behalf) and DCFS that the Juvenile Court Act precluded placing a minor over the age of 12 who had been adjudicated a delinquent with DCFS. This appeal ensued.

## ANALYSIS

We find no merit to Donna's contention that the court erred in removing the minor from her custody. The record amply sustains the court's determination that Donna was unable to properly care for, protect, or discipline the minor. *In re Christopher S.*, 364 Ill. App. 3d 76, 89, 845 N.E.2d 830, 841 (2006). As in *In re Christopher S.*, 364 Ill. App. 3d at 90, 845 N.E.2d at 841-42, this was not a condemnation of Donna's good-faith efforts but rather a recognition that Donna's efforts were unavailing because the minor refused to cooperate. As a court of review, we may not disturb a trial court's child custody determination unless we find that clear injustice would result or that the finding of the court was clearly against the manifest weight of the evidence. *In re Austin W.*, 214 Ill. 2d 31, 51-52, 823 N.E.2d 572, 585 (2005); *In re D.L.*, 226 Ill. App. 3d 177, 185, 589 N.E.2d 680, 684-85 (1992). Furthermore, the standard for the trial court was the best interest of the minor. As stated in section 2—27(1) of the Juvenile Court Act of 1987 (the Act):

"(1) If the court determines and puts in writing the factual basis supporting the determination of whether the parents *** of a minor adjudged a ward of the court are unfit or are unable, for some reason other than financial circumstances alone, to care for, protect, train or discipline the minor *** and that the health, safety, and best interest of the minor will be jeopardized if the minor remains in the custody of his or her parents *** the court may at this hearing and at any later point:

(a) place the minor in the custody of a suitable relative or other person as legal custodian or guardian;

(a—5) with the approval of [DCFS], place the minor in the subsidized guardianship of a suitable relative or other person as legal guardian; 'subsidized guardianship' means a private

guardianship arrangement for children for whom the permanency goals of return home and adoption have been ruled out and who meet the qualifications for subsidized guardianship as defined by [DCFS] in administrative rules;

(b) place the minor under the guardianship of a probation officer;

(c) commit the minor to an agency for care or placement, except an institution under the authority of the Department of Corrections or of [DCFS];

(d) commit the minor to [DCFS] for care and service; however, a minor charged with a criminal offense under the Criminal Code of 1961 or adjudicated delinquent shall not be placed in the custody of or committed to [DCFS] by any court, except a minor less than 13 years of age and committed to [DCFS] under [s]ection 5—710 of this Act." 705 ILCS 405/2—27(1) (West 2006).

We find that it was not in the best interest of the minor to remain with a parent who was simply unable to care for and protect the minor from his own aberrant behavior. Accordingly we affirm that portion of the trial court's order removing the minor from the custody of his mother, Donna.

■ We are now presented with the purely legal question of the authority of the trial court to appoint DCFS as the minor's guardian. Our standard of review is therefore *de novo*. *In re A.A.*, 181 Ill. 2d 32, 38, 690 N.E.2d 980, 983 (1998). The language of section 2—27(1)(d) of the Act is very clear in stating that the court is barred from committing a minor over the age of 12 to DCFS if the minor had been adjudicated delinquent. Appellants argue that these restrictions are applicable to the minor in this case. He had repeatedly been adjudicated delinquent and placed in a youth correctional facility, and he was 16 at the time of the court's order returning him to the custody of DCFS. In response, the appellees first argue that the statute does not apply because the minor had always been in the custody of DCFS and he remained so after he was found delinquent. We disagree.

As previously discussed, the circuit court's order of August 23, 2006, provided that the minor was returned to the care and custody of Donna. While the court also contemporaneously entered an order of protective supervision, this does not change the fact that DCFS' guardianship was terminated at that time. There is absolutely no evidence in the record to support the State's Attorney's argument on appeal that the circuit court merely granted Donna custody of the minor while continuing DCFS' appointment as guardian.

Section 2—27(1)(d) has been interpreted by courts of review in this state on three occasions, *In re C.T.*, 281 Ill. App. 3d 189, 191-95, 666 N.E.2d 888, 890-91 (1996), *In re A.A.*, 181 Ill. 2d at 36-41, 690

N.E.2d at 981-84, and *In re Rodney H.*, 223 Ill. 2d 510, 525-26, 861 N.E.2d 623, 632-33 (2006). In all three cases, the court of review vacated circuit court orders which placed minors who had been adjudicated delinquent into the custody of DCFS. Further, all three cases rejected equal protection challenges to section 2—27(1)(d).

The public defender attempts to distinguish *C.T.*, *A.A.* and *Rodney H.*, because in each of those cases, the circuit court had appointed DCFS as guardian of the minor based on delinquent conduct committed by the minor.

■ In the instant case, the minor was first placed with DCFS based on findings of abuse and neglect, some six years before he was ever found to be delinquent. Nonetheless we find the statutory mandate to be clear and unambiguous. Because the minor was over age 12 and had been adjudicated delinquent, the trial court, however well intentioned, lacked the authority to again place him in the custody of DCFS. Accordingly we vacate that portion of the trial court's order and remand this cause for further proceedings at which the court shall determine which of a number of other options are appropriate for the minor. Those statutorily provided options, as recited above, include placing the minor with a suitable relative or other adult as legal custodian or guardian, placing the minor under the guardianship of a probation officer, or committing the minor to an agency other than DCFS for care or placement. See *In re A.A.*, 181 Ill. 2d at 39, 690 N.E.2d at 983. We also note that the minor will turn 18 in December of this year, which may vitiate any further need for these remedies. But it is not our function to micromanage the best course for the minor; that will be the task of the trial court upon remand, within the statutory boundaries we have discussed. See *In re Rodney H.*, 223 Ill. 2d at 525-26, 861 N.E.2d at 633.

The judgment of the circuit court of Cook County is affirmed in part and vacated in part and this cause is remanded for further proceedings.

Affirmed in part and vacated in part; cause remanded.

QUINN, P.J., and THEIS, J., concur.